IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-10180-06-WEB |
| | ) | 09-1396 |
| ANDREW S. WANG, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is the defendant' Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 334). The defendant argues his sentence should be vacated as his counsel was ineffective. The defendant has made only conclusory allegations of ineffective assistance of counsel.

The court is not required to consider unsupported, conclusory allegations. The defendant must allege sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Rule 2 of the Rules governing section 2255 proceedings states "the motion must state the facts supporting each ground." Rule 2(b)(2). Rule 4 directs the court to dismiss the motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b).

The court has liberally construed the petitioner's complaint, and finds that the petitioner has not set forth any facts in support of his claim of ineffective assistance of counsel.

IT IS THEREFORE ORDERED that the petitioner's Motion to Vacate pursuant to 28 U.S.C. § 225 (Doc. 334) is dismissed without prejudice.

IT IS SO ORDERED this 1st day of April, 2010.

    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge